UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE GEORGE POTTS, JR.,

Petitioner,

v. CASE NO. 2:25-CV-10822
HON. DENISE PAGE HOOD

DONALD CURLEY,

Respondent.
_______________________________/

**ORDER DENYING PETITIONER'S MOTION FOR STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE (ECF No. 10)**

## I. INTRODUCTION

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Willie George Potts, Jr. ("Petitioner") was convicted of voluntary manslaughter, Mich. Comp. Laws § 750.321, following a jury trial in the Macomb County Circuit Court. He was sentenced as a third habitual offender, Mich. Comp. Laws § 769.11, to 10 to 30 years in prison in 2022. In his habeas petition, Petitioner raises claims concerning the sufficiency of the evidence, the use of jury badge numbers, the conduct of the prosecutor, and the effectiveness of trial counsel. ECF No. 1. The matter is now before the Court on Petitioner's motion for stay and hold petition in abeyance so that he can return to the state courts to exhaust additional issues concerning the effectiveness of trial and appellate counsel. ECF No. 10.

## II. ANALYSIS

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277. In *Rhines*, the United States Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See Moss*

*v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

A stay of proceedings is not warranted in this case. The claims raised by Petitioner in his habeas petition are exhausted. The one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), has already expired as to Petitioner's proposed ineffective assistance of counsel claim. The one-year period began to run 90 days after the conclusion of Petitioner's direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about September 30, 2024. Consequently, Petitioner was required to file his federal habeas petition by December 30, 2025, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his federal habeas petitions within that time frame. The exhausted claims raised in his habeas petition are timely filed. Petitioner did raise an ineffective assistance of trial counsel claim in his habeas petition but did not raise the ineffective assistance of appellate counsel claim in his initial habeas petition. The proposed ineffective assistance of appellate counsel claim was not raised until June 24, 2026. (ECF No. 10) Because Petitioner raised this new, additional claim before this Court well after the one-year statute of limitations period has expired, it

is timely only if it relates back to Petitioner's claims in his timely-filed pending habeas petition. *See Mayle v. Felix*, 545 U.S. 644, 650, 655 (2005). It does not.

To relate back, "the claims in the original and amended petitions must be 'tied to a common core of operative facts.'" *Pinchon v. Myers*, 615 F.3d 631, 642 (6th Cir. 2010) (quoting *Mayle*, 545 U.S. at 664). An amended habeas petition "does not relate back where it asserts a new ground for relief supported by facts that differ from those in the original petition." *Id*. Here, Petitioner seeks to raise and exhaust an entirely new claim of ineffective assistance of appellate counsel which is supported by different facts than those relevant to the claims contained in his pending habeas petition. Because the proposed ineffective assistance of appellate counsel claim does not arise from the same "common core of operative facts" as the claim raised in the pending habeas petition, it does not relate back and is untimely.

Petitioner neither alleges nor establishes that the ineffective assistance of appellate counsel claim is based upon newly discovered evidence or newly enacted, retroactively applicable law, nor does he allege that the State created an impediment to the filing of that claim. His ineffective assistance of appellate counsel claim is untimely.

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v.*

*Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-784 (6th Cir. 2010). A petitioner has the burden of demonstrating entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The doctrine of equitable tolling is applied "sparingly." *Watkins*, 854 F.3d at 851; *see also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Petitioner makes no such showing. The fact that he may have a limited education, is untrained in the law, is (or was) proceeding without a lawyer, and/or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp.

2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling).

Petitioner also fails to demonstrate that he acted diligently to protect his rights given that his state direct appeals concluded in September 2024, but he did not move to stay the proceedings to exhaust his ineffective assistance of appellate counsel claim until June 2026. Petitioner offers no justifiable explanation for such an extended delay in seeking federal habeas review on his ineffective assistance of appellate counsel claim. To be sure, the facts underlying this claim were available at the time his direct appeal concluded, and when he filed his initial habeas petition. Given such circumstances, he is not entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-590 (6th Cir. 2005). To support a claim of actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*,

513 U.S. 298, 327-328 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-539 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with such authority, the Sixth Circuit has stated that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. He presents no new reliable evidence of his actual, factual innocence. His assertion that his habeas claim(s) have merit does not establish his actual innocence. *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). His own self-serving, conclusory assertions of innocence are also insufficient to support an actual innocence claim. A "reasonable juror [or fact-finder] surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner is not entitled to equitable tolling of the one-year period. His proposed ineffective assistance of counsel claim is untimely. A stay is unwarranted for an untimely claim.

Additionally, while Petitioner's unexhausted ineffective appellate assistance of counsel claim concerns a matter of federal law and may not be plainly meritless, he fails to explain his extended delay in seeking to raise the claim in the state courts or on federal habeas review. As noted, the facts supporting this claim were available at the time his direct appeal concluded, and his initial habeas filing.

Petitioner fails to establish good cause for not exhausting his proposed ineffective assistance of appellate counsel claim in the state courts before seeking federal habeas review. The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *See, e.g., Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Similarly, reliance on a legal writer or mistakes by a legal writer do not constitute cause for a procedural error. *See, e.g., Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002); *Henderson v. Cohn*, 919 F.2d 1270, 1272-1273 (7th Cir. 1990); *Johnson v. Horton*, No. 13-13080, 2021 WL 2413337, *10 (E.D. Mich. June 14, 2021); *Jones v. Brewer*, No. 19-13731, 2020 WL 1188881, *3 (E.D. Mich. Mar. 12, 2020). Given such circumstances, a stay is unwarranted.

## III. CONCLUSION

For the reasons stated, the Court concludes that a stay of the proceedings is unwarranted in this case. Accordingly, the Court **DENIES** Petitioner's motion for

stay proceedings and hold petition in abeyance. ECF No. 10.

**IT IS SO ORDERED.**

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated: August 31, 2026